IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BENTO MURILLO CUERO,

  Petitioner,

vs.           CIVIL ACTION NO.: CV513-064

TRACY JOHNS, Warden and THE
UNITED STATES OF AMERICA,

  Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bento Cuero ("Cuero"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss. Cuero filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Cuero pleaded guilty in the Middle District of Florida to: possession of five (5) kilograms or more of cocaine with intent to distribute while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a)&(g) and 21 U.S.C. § 960(b)(1)(B)(ii); and conspiring to do so, in violation of the same statutes and 46 App. U.S.C. § 1903(j). Cuero was sentenced to 144 months' imprisonment. (Doc. No. 6, p. 2). Cuero filed a direct appeal. Cuero asserted that the vessel in his case was not subject to the United States' jurisdiction and that the district court lacked subject matter over his criminal case. The Eleventh Circuit Court of Appeals

determined that Cuero's plea waived this challenge and that, because the indictment charged him with a violation of United States' law, subject matter jurisdiction existed. United States v. Mina, 255 F. App'x 437 (11th Cir. 2007).

Cuero then filed a "Motion to Dismiss Under That Congress Lacks Constitutional Authority to reach Drug Crimes in Foreign Waters", which was construed as a section 2255 motion; Cuero was advised of this recharacterization. (Doc. No. 6-4, p. 2). The district court also determined that, even if Cuero's motion were not time-barred, he was not entitled to his requested relief. (Id. at pp. 6–8). The district court stated that Cuero's reliance on United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), was misplaced because the vessel on which Cuero was found was interdicted on international waters rather than on the territorial waters of Panama. (Id. at p. 7).

In this petition, Cuero claims, as he did on appeal and in his previously-filed § 2255 motion, that Congress lacks constitutional authority to reach drug crimes in foreign waters. (Doc. No. 2, p. 1). Cuero cites Bellaizac-Hurtado in support of his petition. Respondent asserts that Cuero does not meet the savings clause of § 2255, and his petition should be dismissed.

### DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

AO 72A
(Rev. 8/82)

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Cuero's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Cuero provides no reason why he feels that the remedy afforded under § 2255 is inadequate to address the issues raised in this petition.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (for a sentencing claim to proceed pursuant to § 2241, "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must have overturned a circuit precedent that squarely

3

resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.").

Cuero has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Cuero shown that his claims were foreclosed on a previous occasion. In other words, Cuero has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Simply because Cuero's contentions were not sustained on previous occasions does not render § 2255 inadequate or ineffective to permit Cuero to proceed pursuant to section 2241. Because Cuero has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Cuero's reliance on Bellaizac-Hurtado is misplaced. In that case, the Eleventh Circuit declared that the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70503 (the current version of the statutes under which Cuero was indicted) is unconstitutional to the extent that it proscribes drug trafficking offenses within the territorial waters of another nation (Panama). 700 F.3d at 1258. The vessel on which Cuero was interdicted was on "international waters, several hundred miles outside of Col[o]mbia's territorial waters and exclusive economic zone[.]" (Doc. No. 6-4, p. 7) (internal citation omitted). Bellaizac-Hurtado is inapplicable to Cuero and does not provide him with a means for his requested relief.

AO 72A
(Rev. 8/82)

Cuero cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Cuero is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Cuero's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 21st day of November, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)